[No. D022708. Fourth Dist., Div. One. Mar. 5, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
HEZEKIAH ALBERT BLANCHARD, Defendant and Appellant.

[No. D024305. Fourth Dist., Div. One. Mar. 5, 1996.]

In re HEZEKIAH ALBERT BLANCHARD on Habeas Corpus.

COUNSEL

Stuart A. Skelton, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**KREMER, P. J.**—Defendant Hezekiah Albert Blanchard appeals from a final judgment following a guilty plea and petitions for a writ of habeas corpus. We have consolidated these proceedings, as they both raise the same issues.

Blanchard contends the court lost jurisdiction in this case because his probation officer failed to report his incarceration for a subsequent offense as required by Penal Code[1] section 1203.2a and, therefore, his sentence is void. Blanchard additionally contends he was denied his constitutional right to a speedy trial by an inordinate delay in sentencing. We affirm the judgment and deny the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 1992 Blanchard pled guilty to one count of automobile theft in violation of Vehicle Code section 10851, subdivision (a) and one count of

---

[1]All statutory references are to the Penal Code unless otherwise specified.

driving under the influence of alcohol and a drug in violation of Vehicle Code section 23152, subdivision (a) with three prior convictions of that offense within the prior seven years (Veh. Code, § 23175). Imposition of sentence was suspended and Blanchard was placed on formal probation for three years with commitment to the custody of the sheriff for three hundred sixty-five days.

In November 1993, while still on probation in the instant case, Blanchard was convicted of misdemeanor driving under the influence in violation of Vehicle Code section 23152, subdivision (a) and was ordered to serve one year of local custody in Orange County jail. In March 1994, Blanchard's probation officer received a letter from Blanchard informing the officer of his parole violation and incarceration in Orange County jail. Blanchard asked his probation officer to help him expedite sentencing in the instant case so his time in Orange County and the sentence imposed in this case could run concurrently.

Blanchard's probation officer informed the court of Blanchard's subsequent conviction and incarceration on May 18, 1994, by way of a request for an ex parte probation revocation warrant. On that same day the court issued a bench warrant for Blanchard's arrest.

On October 31, 1994, Blanchard admitted he violated his probation and his probation was formally revoked. On November 21, 1994, Blanchard was sentenced to a term of three years for his automobile theft conviction and a concurrent two-year term for driving under the influence.

## DISCUSSION

### I. *Applicability of Section 1203.2a*

"[S]ection 1203.2a[2] establishes a procedure by which one committed to prison in California can obtain relief from the harmful uncertainty of other

---

[2]Section 1203.2a provides:

"If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or

outstanding California convictions as to which he has been granted probation with imposition or execution of sentence suspended. That procedure benefits both the prisoner and the state. . . . When the prisoner requests imposition of sentence under section 1203.2a he receives the benefit of the possibility of concurrent sentences. [Citation.] The trial court and its clerk and probation officer are afforded the convenience of closing their files in a case which otherwise might remain undisposed of for years." (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216, 222 [98 Cal.Rptr. 449, 490 P.2d 1137], original footnote replaced with current text of § 1203.2a.)

At issue here is the provision in section 1203.2a that a probation officer "must within 30 days after being notified in writing by the defendant [of commitment to prison for another offense] . . . report such commitment to the court which released him or her on probation[,]" and the related provision that "[i]n the event the probation officer fails to report such commitment to the court . . . , the court shall be deprived thereafter of all

---

she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

jurisdiction it may have retained in the granting of probation in said case." (§ 1203.2a.) ■ Blanchard contends the court lost jurisdiction under section 1203.2a to sentence him because his probation officer failed to notify the court of his incarceration in Orange County within 30 days after receiving his written notice of the incarceration.

■ Preliminarily, we reject the People's contention that Blanchard waived this argument by not raising it below. We agree with Blanchard that his section 1203.2a argument is nonwaivable because it challenges the court's jurisdiction to impose any sentence on him in the instant case. An act beyond the court's fundamental jurisdiction is void. (*People* v. *Ruiz* (1990) 217 Cal.App.3d 574, 584 [265 Cal.Rptr. 886].) Accordingly, a claim that a sentence was imposed in excess of the court's jurisdiction can be raised at any time. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

■ Although we do not find Blanchard's section 1203.2a argument is waived, we find it to be without merit because section 1203.2a, on its face, applies only to probationers who are subsequently "committed to a *prison*." (§ 1203.2a, italics added; see *People* v. *Willett* (1993) 15 Cal.App.4th 1, 6 [18 Cal.Rptr.2d 603].)[3] The Legislature specifically refrained from extending the operation of section 1203.2a to probationers who are sentenced to a county jail for a subsequent offense. ■ Blanchard contends equal protection considerations mandate application of section 1203.2a to probationers who are subsequently incarcerated for misdemeanors. We disagree.

" 'In the absence of a classification that is inherently invidious or that impinges upon fundamental rights, a state statue is to be upheld against equal protection attack if it is rationally related to the achievement of legitimate governmental ends.' [Citations.]" (*Gates* v. *Superior Court* (1995) 32 Cal.App.4th 481, 514 [38 Cal.Rptr.2d 489].) The "rational basis" test applies to Blanchard's equal protection challenge, as the benefit afforded subsequently convicted probationers under section 1203.2a does not constitute a fundamental right and the statute is not "inherently invidious." We believe there is a rational basis for the Legislature's decision to limit the benefits of section 1203.2a to probationers committed to prison.

Probationers sentenced to county jail for a subsequent offense are not subject to a long term of imprisonment before an additional sentence (or other sanction) for the first conviction can be fixed. Since a county jail term

---

[3]In light of this conclusion, we do not address the issue of whether a probation officer's failure to report incarceration within the 30-day time limit imposed by the second paragraph of section 1203.2a deprives the court of jurisdiction in the probation case.

may not exceed one year (§ 19.2) and is more often much shorter, a probationer sentenced to a county jail term typically would have such a determination in a relatively short time. Thus, the concurrent sentencing concerns underlying section 1203.2a are not sufficiently implicated in cases where probation is violated by a misdemeanor conviction to warrant application of the statute to such cases.

Moreover, if section 1203.2a were judicially extended to encompass probationers sentenced to county jail, the minimal benefit the statute would afford such probationers would be outweighed by the increased burden on our judicial and penal systems. Subjecting probation officers to the reporting requirements of section 1203.2a in cases where the defendant's subsequent offense is a misdemeanor resulting in county jail incarceration, in addition to cases involving felony convictions, would impose increased costs and burdens on probation departments.

Furthermore, the state's compelling interest in punishing probation violations and the underlying offenses giving rise to probation should not be thwarted by loss of jurisdiction under section 1203.2a where a defendant's subsequent offense is a misdemeanor resulting in a relatively short period of incarceration. In such misdemeanor cases the state's interest in punishing and deterring crime outweighs the defendant's minimal interest in discretionary concurrent sentencing under section 669 through application of section 1203.2a.

We conclude equal protection considerations do not mandate extension of the benefits of section 1203.2a to probationers who are sentenced to county jail.[4]

## II.  *Right to a Speedy Trial*

Blanchard contends he was denied his constitutional right to a speedy trial because he was not notified of the court's ex parte order of May 18, 1994,

_____

[4]Blanchard cites *People* v. *Ross* (1985) 165 Cal.App.3d 368 [211 Cal.Rptr. 595] wherein the court stated, "Since misdemeanor probationers are similarly situated to felony probationers for the legitimate purposes of [section 1203.2a], the equal protection considerations underlying the decision in *People* v. *Sage* (1980) 26 Cal.3d 498 . . . would seemingly require the benefit of its application to misdemeanor probationers as well. [Citation.]" *(People* v. *Ross, supra,* 165 Cal.App.3d at p. 375, fn. 5.) As Blanchard concedes, this statement in *Ross* was dictum, as there was no issue in that case relating to section 1203.2a. In any event, we disagree with the statement in *Ross. Sage* held there was no rational basis for the state's denial of presentence conduct credits to felons detained during trial while allowing such credit for misdemeanants. *(People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) Its analysis in that regard has no bearing on the issue of whether there is a rational basis for excluding probationers sentenced to county jail for misdemeanor convictions from the operation of section 1203.2a. The equal protection considerations underlying *Sage* do not require application of section 1203.2a to such probationers.

revoking his probation and issuing a bench warrant while he was in jail in Orange County, and no further action was taken against him until he was arrested in October 1994. Unlike Blanchard's jurisdictional argument under section 1203.2a, we deem this contention waived.

■ The right to a speedy trial cannot be asserted for the first time on appeal or by petition for writ of habeas corpus. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452]; see also *People* v. *Taylor* (1971) 14 Cal.App.3d 328, 333 [92 Cal.Rptr. 198].) Nothing in the present record indicates Blanchard claimed he was denied his right to a speedy trial in the probation revocation and sentencing proceedings below. Consequently, we will not consider that argument on appeal.

## DISPOSITION

The judgment is affirmed. The petition for a writ of habeas corpus is denied.

Nares, J., and McDonald, J., concurred.

A petition for a rehearing was denied March 15, 1996, and appellant's petition for review by the Supreme Court was denied May 29, 1996.