**Leonard Gerard DAVIS Sr.,
Plaintiff—Appellant,**

v.

**WEST VALLEY DETENTION
CENTER; et al., Defen-
dants—Appellees.**

No. 04–56781.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Leonard Gerard Davis, Sr., Imperial, CA, pro se.

Alan K. Marks, Esq., Office of the County Counsel, San Bernardino, CA, Tristan Pelayes, Esq., Wagner & Pelayes, Riverside, CA, for Defendants–Appellees.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Leonard Gerard Davis, Sr., a California state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants denied him access to the detention center's law library while he was a pretrial detainee, and as a result, denied him meaningful access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

Davis's right of access to the courts is ancillary to his state habeas claim, *see Christopher v. Harbury,* 536 U.S. 403, 414–15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), and his state habeas claim was not cognizable, *see People v. Blanchard,* 42 Cal.App.4th 1842, 50 Cal.Rptr. 614, 618 (1996) (citing *People v. Wilson,* 60 Cal.2d 139, 32 Cal.Rptr. 44, 383 P.2d 452, 457 (1963)). Because he had counsel through the proceedings and because access to the law library could not have changed the outcome of Davis's habeas petition, he cannot show injury and the district court properly granted summary judgment to defendants. *See Harbury,* 536 U.S. at 414–15, 122 S.Ct. 2179 (noting that a plaintiff must have suffered an injury by being shut out of court).

We are not persuaded by Davis's remaining contentions.

We deny defendants' request that we disregard Davis's brief.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

