Filed 4/28/14  P. v. Walters CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Modoc)

----

| | |
|---|---|
| THE PEOPLE, | C073778 |
| Plaintiff and Respondent, | (Super. Ct. No. F-08-070) |
| v. | |
| ANDREW WALTERS, | |
| Defendant and Appellant. | |

Pursuant to a 2008 no contest plea, defendant Andrew Walters was convicted of corporal injury to a cohabitant.  (Former Pen. Code, § 273.5, subd. (a).)[1]  On August 5, 2008, defendant was sentenced to three years in state prison.  The trial court suspended execution of sentence and placed defendant on four years of formal probation.  The trial court subsequently found that defendant had violated his probation by leaving the county

---

[1] Undesignated statutory references are to the Penal Code.

and the state without permission and ordered execution of the suspended three-year state prison term.

On appeal, defendant contends the trial court lost jurisdiction to execute the suspended sentence by failing to comply with section 1203.2a. We agree and shall reverse the judgment and order executing sentence and remand with directions to enter an order terminating probation.

## PROCEDURAL BACKGROUND

We dispense with the facts of defendant's crime as they are unnecessary to resolve this appeal.

On November 24, 2009, the probation department reported that defendant violated his probation by moving to Reno, Nevada, without notifying the probation officer or providing his address. The trial court revoked probation and issued a bench warrant for defendant's arrest on the same day.

On November 18, 2010, the probation department received from defendant an "Ex Parte Petition for Modification of Probation ([§ 1203.3])" in this case. The petition was a form submitted by defendant that set forth, in pertinent part, the following (defendant's handwritten entries on the form are indicated here in boldface type with some capitalization omitted):

"Your Petitioner respectfully represents that he/she is the Defendant in the above entitled case(s) and Petitioner was placed on probation by this Honorable Court upon the . . . **18[th]** day of **January**, 20**08 & 8/14/06.**

"I am serving a **32 months** day [*sic*] jail term. I began serving my jail term on **3-20-2010**. My predetermined release date, according to jail records, is **7-29-2011**.

"WHEREFORE, your Petitioner, in accordance with the statute in such case made and provided (Section 1203.3 of the California Penal Code), respectfully petitions:

2

"That subsequent to his/her release on probation (your justification or reasons for requesting a modification)—

"**To clear records of warrant. I no longer can pay fine. However, an attempt has been made to pay all fines. In view of records, it will show my last payment was on June 2009. I was on summary probation and followed all laws while living in Modoc County. After which I became homeless in 6/2009 & moved to Reno, NV. At which I contacted Modoc County of my whereabouts.**

"WHEREFORE, your Petitioner respectfully petitions that the ORDER GRANTING PROBATION heretofore made on **1/18/08** (date you were sentenced), be modified to (nature of your request)—

"**To be ran concurrent with present sentence. (Note) I was contacted that probation would be terminated if I served 11 days, or when fines are paid.**" The petition also contained defendant's declaration that it was executed at Carson City, Nevada, on November 16, 2010.

The petition was filed with the trial court on December 10, 2010.[2] The probation officer and prosecutor submitted written statements to the trial court objecting to the petition and requesting the court calendar a hearing on the matter. On January 18, 2011, the trial court set a hearing for March 8, 2011.

On February 24, 2011, defendant filed a pro se request to allow him to attend the hearing by telephone conference and to allow his trial counsel to represent him at the

---

[2] Defendant argues the trial court lost jurisdiction 60 days after November 18, 2010—the date the probation department received defendant's letter advising it that defendant was in prison in Nevada. Arguably the trial court would not have had notice of defendant's request until the petition was actually filed with the court on December 10, 2010, attached to which were both the probation officer's and district attorney's forms opposing the petition and asking the court to calendar the matter. Thus, the 60 days appears to run from December 10, 2010.

hearing. In support of his request, defendant declared he was on parole in Reno with no transportation available to him.

On April 12, 2011, defendant filed a request to reschedule the hearing because his arrest prevented his attending.

The hearing was held on May 3, 2011. Defendant was not present but was represented by trial counsel. The trial court said defendant's petition was a request to convert some of his "fines to jail time and have it run concurrent with some time he was doing in Nevada." According to the court, defendant's status had since changed, as defendant was no longer on parole but now in jail. Defense counsel said defendant was in the county jail in Reno, he had an address for defendant, and he had called defendant's Nevada counsel, who had not returned the call. The trial court took the case and two other unrelated cases of defendant's off calendar until the bench warrant was executed.

A probation violation hearing was held on November 5, 2012. Defendant was present and represented by trial counsel. Testifying, defendant said he had been convicted of possession of methamphetamine in Reno and sentenced to 12 to 32 months in state prison in September 2010. Defendant was in state prison in Nevada when he filed the ex parte petition for modification of probation. After serving 18 months, he was released from prison in August 2011. The trial court found defendant "technically" violated his probation by leaving the county without his probation officer's permission. Defendant was re-referred to the probation department before sentencing on the violation of probation.

Defendant's counsel filed a statement in mitigation on March 19, 2013. The statement asserted that defendant's ex parte petition may not have met "the 'procedural niceties' of a request for a speedy sentencing by citing the accurate California code sections," but nonetheless, "a consideration on the merits of his filings at the time of filing could have resulted in concurrent sentencing or at a minimum would have resulted

4

in a consecutive sentence of one-third the mid-term." (Underscoring omitted.) Defendant requested that he not be sentenced to state prison.

The probation department filed a supplemental probation report on March 27, 2013. The report indicated that while defendant had reported to his probation officer with his most current contact number he did not make an appointment to provide input for the supplemental report. Probation recommended that the execution of the three-year prison sentence previously suspended be imposed.

At the March 27, 2013 hearing, the trial court terminated probation and executed the suspended three-year state prison term to run consecutively to the sentence imposed in Nevada. On April 9, 2013, the trial court modified the sentence, imposing the same three-year term, except it was not ordered to run consecutively to the Nevada sentence that defendant had already served.

**DISCUSSION**

Defendant contends the trial court's failure to issue its commitment order within 60 days of receiving his ex parte application to modify his probation deprived the trial court of jurisdiction over him pursuant to section 1203.2a. We agree.

Section 1203.2a allows a defendant already in prison to demand to be sentenced in absentia on other cases. The purpose of the statute is to "prevent a defendant from inadvertently being denied the benefit of Penal Code section 669 that sentences be concurrent." (*In re White* (1969) 1 Cal.3d 207, 211.) The statute defines three separate time limits, and the failure to meet any of those three limits will deprive a trial court of jurisdiction to act further. (*In re Hoddinott* (1996) 12 Cal.4th 992, 999-1000.)

"However, loss of jurisdiction over a convicted felon is a severe sanction which courts have been unwilling to apply unless the sentencing court's jurisdiction has been

5

ousted by strict compliance with section 1203.2a." (*People v. Klockman* (1997) 59 Cal.App.4th 621, 625.)

Section 1203.2a provides, in pertinent part:

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence. [¶] . . . [¶]

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case." (§ 1203.2a, 2d, 3d & 5th pars.)

Defendant asserts that his petition for ex parte modification of probation informed the probation department and the trial court that he was currently serving a prison sentence in Nevada. Since the trial court received this notice on December 10, 2010, and did not issue its commitment order until March 27, 2013, defendant concludes section 1203.2a deprived the court of jurisdiction over him before it executed the previously suspended sentence.

The Attorney General notes that in order to invoke section 1203.2a, a notice of confinement or imprisonment "must inform the court that a defendant has been committed to *prison for another offense*." (*People v. Hall* (1997) 59 Cal.App.4th 972, 983 (*Hall*).) Since the petition stated defendant was serving a 32-month "jail term" (*sic*), the Attorney General concludes notice was insufficient as it did not specify he was incarcerated in prison rather than in jail and it did not make clear that the term was for some other offense.

In *Hall*, the trial court summarily revoked the defendant's probation and issued a warrant for his arrest on December 1, 1994, based on a notice of probation violation stating he was arrested and " 'transferred to the California Institut[e] for Men at Chino' " on October 28, 1994. (*Hall*, *supra*, 59 Cal.App.4th at p. 978.) On September 20, 1995, the trial court again revoked probation and issued a bench warrant based on an amended notice of probation violation declaring that the defendant had pleaded guilty to violating section 487, subdivision (a). (*Hall*, at p. 978.) The trial court found neither notice of probation violation triggered section 1203.2a, terminated probation, and executed a previously imposed prison term on July 30, 1996. (*Hall*, at pp. 978-979.)

7

The Court of Appeal, First Appellate District, Division Two, found the first notice of probation violation did not trigger section 1203.2a even though it said the defendant was in prison because the notice "did not inform the court that [the defendant] had been committed to prison for another offense." (*Hall*, *supra*, 59 Cal.App.4th at p. 983.) Since the defendant could have been placed in the custody of the Department of Corrections and Rehabilitation without being convicted of another offense (see, e.g., § 1203.03 [order placing a defendant in diagnostic facility of Department of Corrections and Rehabilitation]), notice was insufficient under a strict rule of construction. (*Hall*, at pp. 983, 984.) The *Hall* court found the second notice of probation violation was inadequate for the same reason, and concluded the notice sent by the defendant was insufficient as the trial court must be notified by the probation department or the warden to trigger the 60-day time limit of paragraph three of section 1203.2a. (*Hall*, at p. 984.)

*Hall* is distinguishable. Although defendant's petition did not specify an offense, section 1203.2a is triggered whenever the trial court learns the defendant has been imprisoned for another offense; it does not require the trial court to ascertain the specific offense for which the defendant is imprisoned. Here, the trial court was informed that defendant was serving a 32-month term in Nevada, with specific beginning and expected release dates. A 32-month term is unquestionably a felony term under Nevada law. (See Nev. Rev. Stat. §§ 193.130 [noncapital felonies punished by a minimum and maximum prison term], 193.140 [gross misdemeanor "punished by imprisonment in the county jail for not more than 364 days"], 193.150 [misdemeanor "punished by imprisonment in the county jail for not more than 6 months"].) While the petition did not state the minimum and maximum sentence required for felony sentences under Nevada law, section 1203.2a does not require that the trial court be informed of the specific length of a defendant's incarceration.

Requiring strict compliance with section 1203.2a is not a license to adopt an unreasonable or arbitrary construction of the statutory language. (See *Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 388 [avoid interpretation of a statute leading to arbitrary or unreasonable results].) Defendant's petition described punishment for a felony offense in Nevada, and he was incarcerated pursuant to that term at the time. Since he was incarcerated in another jurisdiction, defendant's petition also notified the probation department and the trial court that he was incarcerated for an offense other than the one for which he had been placed on formal probation in Modoc County. In accordance with the second paragraph of section 1203.2a, defendant sent the petition to the probation department, which then forwarded it to the trial court, thus notifying the trial court of defendant's imprisonment and triggering section 1203.2a's 60-day time limit for issuance of the commitment order.[3]

The fact that defendant was serving a term in another jurisdiction is of no consequence. The benefit accorded by a trial court's compliance with section 1203.2a—the possibility of a concurrent term under section 669—is available to probationers serving a prison sentence in another jurisdiction, as section 669 "authorizes a California judge to direct which relationship should exist between a California prison term and any prior unexpired sentence imposed by a court of the United States or of another state or territory." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1557.)

The trial court was notified on December 10, 2010, of defendant's incarceration in Nevada for another offense when it filed the petition it received from the probation

---

[3] Defendant was not required to request sentencing in absentia to trigger section 1203.2a because his sentence had already been imposed. (*In re Flores* (1983) 140 Cal.App.3d 1019, 1023.) Thus no triggering mechanism applied as it would if defendant were still facing imposition of sentence. Rather, for those in defendant's situation, section 1203.2a "calls for mandatory summary action by the court within 60 days of learning of the defendant's confinement on the new conviction." (*Flores*, at p. 1023.)

department.  Since it did not issue its commitment order until nearly two and a half years later, section 1203.2a divested the court of jurisdiction over defendant.  Accordingly, the judgment and order executing sentence must be reversed and probation terminated.

## DISPOSITION

The judgment and order executing sentence are reversed.  The matter is remanded for the trial court to enter an order terminating defendant's probation in Superior Court of Modoc County case No. F-08-070 and to take such other actions as are necessary and consistent with this opinion.  (See § 1485.)


                                                             BUTZ                , Acting P. J.


We concur:


       DUARTE         , J.


       HOCH           , J.