Filed 5/19/25; Modified and Certified for Pub. 6/17/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY PAUL SINAY,<br><br>   Defendant and Appellant. | 2d Crim. No. B331391<br>(Super. Ct. No. F197088)<br>(San Luis Obispo County) |

Anthony Paul Sinay appeals an order awarding restitution to a crime victim and her parents for the horrific injuries and economic losses suffered from Sinay's commission of crimes of torture, mayhem, corporal injury to a child, and child abuse. (Pen. Code, §§ 206, 203, 273d, 273a.)[1] We reject Sinay's contentions regarding the trial court's jurisdiction to award victim restitution, the constitutional rights to a speedy trial, and the calculation of the present value of the victim's lost wages and affirm.

---

[1] All statutory references are to the Penal Code.

This appeal concerns Sinay's 1993 conviction of crimes of torture and mayhem, among others, committed against a five-year-old child, R.P. Sinay bound the child with tape and forced her down into scalding water. In 2023, the trial court held a victim restitution hearing and awarded significant financial restitution to R.P. and her parents for medical expenses and past and future lost wages.

*FACTUAL AND PROCEDURAL HISTORY*

On February 1, 1993, Sinay bound his then-girlfriend's daughter, R.P., with tape, covered her mouth, and held her down in a bathtub of scalding water. Among other injuries, R.P.'s skin separated from her body and she suffered second and third degree burns to 33 percent of her body. R.P.'s mother arrived home and found R.P. in great pain and severe shock. R.P. was transported to a hospital; she had complete organ failure and initially was not expected to survive. Later, R.P. was airlifted to the burn center at the Sherman Oaks Hospital where she received treatment for many weeks. R.P. then became a patient at Shriners Hospital, among other hospitals. She has permanent disfigurement and limited mobility from scarring and bone fusions due to the immersion burns she suffered.

A jury convicted Sinay of torture, mayhem, corporal injury to a child, and child abuse. (§§ 206, 203, 273d, 273a.) It also found that he personally inflicted great bodily injury upon R.P. (§ 12022.7.) On November 1, 1993, the trial court sentenced Sinay to life in prison with the possibility of parole. The court imposed a $10,000 restitution fine but did not address or order victim restitution.

On June 18, 2021, Sinay received a parole hearing and the Board of Parole granted him parole. On October 7, 2021, he was released on parole.

Prior to Sinay's parole release, the prosecutor filed a motion seeking $8,408.62 in restitution to the California Victim Compensation Board as well as actual restitution to R.P. and her family. (§ 1202.46.) The prosecutor asserted that the trial court could modify Sinay's sentence to include the victim restitution order because the 1993 sentence did not include victim restitution. Attached to the motion were exhibits supporting the restitution request for reimbursement of medical and mental health treatment expenses (1993-2013), lost income to R.P.'s mother, and R.P.'s lost income as an adult. The prosecutor also provided a photocopy of a 1993 letter from a burn center physician opining that R.P. was permanently disabled and would likely suffer lifelong pain from an experience he equated to "hell."

On May 16, 2023, the trial court held a victim restitution hearing. R.P. and her parents testified. R.P.'s mother described her work history and described R.P.'s frequent medical treatments. R.P.'s father described the amounts paid for R.P.'s medical treatments over the years – skin grafts, medical supplies, and reconstructive surgeries, among other treatments. R.P. testified regarding her ongoing recent burn injuries, the many reconstructive surgeries she experienced, the pain she had and continues to have, and her work history. R.P. stated that she had worked on a full-time basis earning $44,000 per year for six years.

Sinay opposed the restitution request on the ground that the trial court lacked jurisdiction to resentence him after the execution of his sentence. He also contended that a restitution

3

hearing 30 years following his initial sentencing violated his constitutional rights to due process of law and to a speedy trial. Sinay did not challenge the monetary amounts claimed in the requested restitution.

Following briefing and argument, the trial court determined that it had jurisdiction to order victim restitution. The court expressly found the testimony of R.P. and her parents credible and sufficient evidentiary support for the requested restitution. The court then ordered $15,600 to R.P.'s mother for lost wages; $818,697.14 past and future lost wages to R.P.; and $85,866.65 for past medical expenses. The amounts bore an interest rate of 10 percent per year from the order date (August 15, 2023).

Sinay appeals and challenges the restitution award. He claims: 1) the trial court lacked jurisdiction to render a restitution award 30 years after his sentencing; 2) the delay violated his federal and state constitutional rights to a speedy trial and due process of law; and 3) the court's choice of a 4.25 percent discount rate in the calculation of the present value of R.P.'s future wages lacks evidentiary support.

*DISCUSSION*

*I.*

Sinay argues that the trial court lacked jurisdiction to award victim restitution 30 years following his initial sentencing. He relies upon section 1202.46 and Justice Liu's concurring opinion in *People v. McCune* (2024) 16 Cal.5th 980, 1002 ("Neither section 1202.4, subdivision (f) nor section 1202.46 of the Penal Code, singly or together, gives a sentencing court unbounded time to set postprobation restitution"). Relying upon the concurring opinion in *McCune*, Sinay asserts that it is

4

doubtful that the court's jurisdiction to award restitution extends beyond the time the losses are discovered or reasonably discoverable. (*Ibid.*)

The restitution request could not have been a surprise to Sinay. In 1993, he informed the probation officer that he intended to financially support R.P., including her college education. In 1998, Sinay informed the Board of Prison Terms that he intended to support R.P. as soon as he obtained release on parole. Apparently Sinay had a change of heart when given the opportunity to fulfill his request.

The trial court properly concluded that it had jurisdiction to award victim restitution. The California Constitution and section 1202.4 mandate an award of victim restitution " 'in every case . . . in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 652.) The purpose of such restitution "is to reimburse the victim for economic losses caused by the defendant's criminal conduct, i.e., to make the victim reasonably whole." (*People v. Guillen* (2013) 218 Cal.App.4th 975, 984; § 1202.4, subd. (f)(3).)

Section 1202.46 provides: "Notwithstanding section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4."

A restitution order may be upheld after a judgment was entered and the matter affirmed on appeal.  (*People v. Moreno* (2003) 108 Cal.App.4th 1, 3.)  "We conclude that, notwithstanding a trial court's failure to retain jurisdiction to impose or modify a restitution order, the second part of section 1202.46 permits the prosecutor, *at any time,* to request correction of a sentence that is *invalid* because . . . the court at the initial sentencing had neither ordered restitution nor found 'compelling and extraordinary reasons' for ordering less than full restitution. . . .  [T]he court is not barred from correcting the invalid sentence simply because the prosecutor failed to object when it was imposed.  An invalid or unauthorized sentence is subject to correction whenever it comes to the court's attention."  (*Id.* at p. 10.)

Thus, the initial sentencing hearing is not the deadline for establishing a restitution order.  *People v. Bufford* (2007) 146 Cal.App.4th 966 concluded that "there is no limitation upon when the court must next set a restitution hearing" when the amount of restitution cannot be determined at sentencing.  (*Id.* at p. 971 [restitution ordered at sentencing but hearing held after defendant's sentence fully served].)  *People v. McCune*, *supra*, 16 Cal.5th 980, 990, noted that "[s]ince it was decided nearly two decades ago, *Bufford* has not been challenged, and it remains unchallenged here."

The concurring opinion in *McCune* does not assist Sinay.  *McCune* concerned the power of the trial court to fix the amount of victim restitution pursuant to sections 1202.4 and 1202.46 after the termination of a probation term.  (*People v. McCune*, *supra*, 16 Cal.5th 980, 988.)  Our Supreme Court held that the trial court retains the power to fix the amount of restitution even if probation is terminated.  (*Id.* at p. 986.)

6

*II.*

Sinay argues that the delay in awarding restitution violated his constitutional rights to due process of law and a speedy trial. He relies upon *People v. Nelson* (2008) 43 Cal.4th 1242 (due process violated by a delay in charging defendant with first degree murder) to support his claims that the delay prejudiced his defense. Sinay also points out that the 1993 sentencing reporter's transcript has been destroyed.

Sinay has forfeited this argument because he did not object on the ground of a speedy trial in the trial court. (*People v. Wilson* (1963) 60 Cal.2d 139, 148 [speedy trial claims forfeited if not timely asserted]; *People v. Blanchard* (1996) 42 Cal.App.4th 1842, 1849 [speedy trial claims not raised in the trial court are forfeited].)

Forfeiture aside, Sinay has not cited any decision finding a violation of due process from a delayed restitution hearing. (*In re A.R.* (2022) 78 Cal.App.5th 184, 189.) Furthermore, Sinay had the opportunity to cross-examine R.P. and her parents regarding all aspects of their testimonies, including their memories. (*Id.* at p. 190.) The trial court expressly found their testimonies credible. Moreover, any missing reporter's transcript from the 1993 sentencing proceedings would not be probative of the then-child's future medical expenses and lost earnings.

*III.*

Sinay challenges the trial court's use of the 4.25 percent discount rate to calculate the present value of R.P.'s future lost wages. He asserts that the prosecutor did not establish that 4.25 percent was an appropriate discount rate. For the first time, Sinay suggests other rates, such as the historical average discount rate or the current United States prime rate.

7

Sinay has forfeited this argument because he did not object to the 4.25 percent discount rate in the trial court.  Moreover, the prosecutor supported the 4.25 percent rate with an exhibit listing the prime rate from 2013 to 2022.  The court did not abuse its discretion by accepting the 4.25 percent discount rate.

*DISPOSITION*

The restitution order is affirmed.


GILBERT, P. J.

We concur:


YEGAN, J.



CODY, J.

8

Michael S. Frye, Judge

Superior Court County of San Luis Obispo

_____

R. Chris Lim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

Filed 6/17/25

**CERTIFIED FOR PUBICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY PAUL SINAY,<br><br>  Defendant and Appellant. | 2d Crim. No. B331391<br>(Super. Ct. No. F197088)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION<br>AND CERTIFYING OPINION<br>FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 19, 2025, be modified as follows:

1.  On page 1, the following is inserted as the opening paragraph:

Is there a time limit for a defendant to pay restitution in a criminal case? Here we decide the passage of time does not limit a court's authority to order restitution in a criminal case.

There is no change in the judgment.

The opinion in the above-entitled matter filed on May 19, 2025, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered

GILBERT, P.J.   YEGAN, J.   CODY, J.