[Crim. No. 21067. First Dist., Div. One. Sept. 1, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE WALKER, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael S. McCormick, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart, Thomas A. Brady and Charles J. James, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—Defendant Robert Lee Walker in Santa Clara County had been granted probation following each of three separate and unrelated felony convictions based on his guilty pleas. He failed to appear in response to a petition to modify each of the probation grants, whereupon each was revoked, and a bench warrant for his arrest was is-

sued. Before his arrest on the warrant, he was convicted of felonies in Monterey County for which he was sentenced to, and confined in, state prison.

While in state prison Walker, correctly following the procedure delineated by Penal Code section 1203.2a, communicated with the Santa Clara County probation officer, as here relevant, as follows: "This is to notify you, in accordance with the provisions of Section 1203.2a of the California Penal Code, of my present imprisonment and to request this Court to impose sentence in the case in which I was released on probation. [¶] This is to further notify you that I waive my right to be present at any hearings in the matter, and I further waive my right to be represented by an attorney at any and all stages of these proceedings."

The superior court upon being informed of the communication, and acceptance of the waivers, sentenced Walker to state prison on each of the three Santa Clara County convictions. The sentences were ordered to run consecutively with each other, and consecutively with the term Walker was then serving in state prison.

The appeal is from the three judgments under which the Santa Clara County sentences were rendered.

Walker states his only appellate contention as follows: "Appellant's waiver under Penal Code section 1203.2a of the constitutional rights to be present and to have counsel at the sentencing hearing was invalid, because the record does not demonstrate that it was voluntary and intelligent or that it was made with an understanding of the consequences."

■ His waivers were made strictly according to the procedure established by section 1203.2a. The attack on that procedure is unsupported by law. "[S]ection 1203.2a affords a constitutionally viable procedure by which a defendant who has accepted probation and then is committed to prison for another offense can obtain prompt final disposition of the case in which probation was granted." (*Hayes v. Superior Court* (1971) 6 Cal.3d 216, 225 [98 Cal.Rptr. 449, 490 P.2d 1137].)

The *Hayes* court advises further: "Penal Code section 1203.2a establishes a procedure by which one committed to prison in California can obtain relief from the harmful uncertainty of other outstanding California convictions as to which he has been granted probation with imposition or execution of sentence suspended. That procedure benefits

both the prisoner and the state. 'Fairness to one committed to a state prison and proper administration by the prison officials and the Adult Authority require that such outstanding convictions be reduced to judgment or be otherwise finally disposed of by termination of the trial court's jurisdiction.' . . . When the prisoner requests imposition of sentence under section 1203.2a he receives the benefit of the possibility of concurrent sentences. . . . The trial court and its clerk and probation officer are afforded the convenience of closing their files in a case which otherwise might remain undisposed of for years. Moreover, the procedure seeks to give prisoners the benefit of prompt sentencing or other final disposition while avoiding the government's expenditure of time and funds to produce imprisoned defendants for unnecessary court appearances." (6 Cal.3d, p. 222; fn. omitted.)

Walker argues the following: "In the instant case, nothing in the record demonstrates that appellant's waivers of the rights to be present and to counsel were voluntary and intelligent, or made with an under-. standing of the consequences thereof. The record does not reflect that appellant understood that his right to counsel included *appointed* coun-' sel if he could not afford to hire his own. Nor does it show that appellant knew at the sentencing hearing he or his counsel was entitled to present good cause why judgment should not be pronounced or to make an argument in mitigation of the punishment to be imposed . . . . The record also contains no affirmative indication that the waivers were made without threat, fear or inducement. And, there is no showing that appellant was aware of the maximum punishment he could receive both under the Indeterminate Sentence Law and the Determinate Sentence Law as it retroactively applied to him (§ 1170.2)."

Giving effect to Walker's argument, we opine, would in a large measure, if not entirely, defeat the purpose of the statute. A fair hearing on the issue whether his section 1203.2a waivers were voluntary and intelligent would necessarily require his courtroom presence.

In a reasonably related context, that of *Boykin-Tahl's** procedures upon acceptance of a guilty plea where waiver of constitutional rights must be *voluntary* and *knowingly*, the state's high court has said: "[B]oth of these purposes can be accomplished by something short of requiring the defendant's personal appearance in every case." (*Mills* v.

---

*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

*Municipal Court* (1973) 10 Cal.3d 288, 305 [110 Cal.Rptr. 329, 515 P.2d 273].)

In the case at bench, and *as required by section 1203.2a*, Walker had personally subscribed the printed statement: "This is to further notify you that I waive my right to be present at any hearings in the matter, and I further waive my right to be represented by an attorney at any and all stages of these proceedings." Moreover, *as is also required by section 1203.2a*, Walker's waivers were accompanied by an "attestation" stating: "I, G.W. Martin, . . . warden, superintendent, or duly authorized person certify that Robert Lee Walker made and signed this request in my presence and he states that he wishes the Court to impose sentence in the case in which he was released on Probation, in his absence and without his being represented by Counsel. [Signed] G.W. Martin."

The statutory precautions, we opine, afforded to Walker such constitutional protections as were his due.

And in respect of Walker's argument of no showing that he was aware of the punishment he might receive, we observe that his guilty pleas were entered long after rendition of the *Boykin-Tahl* rulings. In the absence of any record to the contrary, we presume that the trial court had earlier made Walker aware of the "nature of the charge and the consequences of his plea." (See *In re Tahl, supra,* 1 Cal.3d 122, 132.) In the absence of proof to the contrary it will be presumed that the court followed such a well-known rule. (See *Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 915 [141 Cal.Rptr. 133, 569 P.2d 727]; *In re Fred J.* (1979) 89 Cal.App.3d 168, 175 [152 Cal.Rptr. 327].)

The appeal is without merit.

The judgments are affirmed.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied September 24, 1981, and appellant's petition for a hearing by the Supreme Court was denied November 25, 1981.