Filed 10/10/14  P. v. Varela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058215 |
| v. | (Super.Ct.No. RIF1200481) |
| NICOLAS VARELA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, (retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), and Becky Dugan, Judges.  Reversed with directions.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant Nicholas Varela, Jr., appeals from a sentence imposed after a probation revocation. Defendant contends the trial court lost jurisdiction because it failed to sentence him within the statutory 30-day limit under Penal Code section 1203.2a[1] and that his sentence should be vacated and his probation terminated. The People respond that section 1203.2a only applies to a probationer who is committed to a state prison and does not apply to a probationer sentenced to county jail under the Criminal Justice Realignment Act of 2011. (§ 1170, subd. (h).) Therefore, the case should be remanded for resentencing because the trial court was not authorized to sentence defendant in absentia under section 1203.2a. The parties also disagree about whether section 1203.2a violates equal protection.

We hold that section 1203.2a did not apply to defendant and does not violate equal protection. We vacate the two-year concurrent sentence imposed under section 1203.2a and remand for further sentencing.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2012, defendant pleaded guilty in Riverside County to a burglary committed in violation of section 459. The trial court imposed a sentence of 180 days in

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

county jail and 36 months on probation.

On May 29, 2012, a petition to revoke defendant's probation was filed based on two misdemeanor offenses: a violation of section 148.9, subdivision (a), for giving false identification to a peace officer; and possession of an opium pipe. (Health & Saf. Code, § 11364.1.) After defendant admitted the probation violation, the trial court revoked but reinstated probation and imposed another 60 days of custody in jail.

On October 24, 2012, the Riverside County probation department prepared an allegation of violation of probation, asserting that defendant had failed to report for probation on May 30, 2012, and an appointment letter had been returned as undeliverable. Additionally, defendant had been arrested on an out-of-county probation matter for which he was sentenced to 16 months in jail in San Bernardino County.[2] On November 9, 2012, the trial court ordered defendant's probation revoked in the Riverside case.

On December 10, 2012, defendant filed a request in Riverside County—in accordance with section 1203.2a—for the court "to impose sentence or make any other final order terminating the court's jurisdiction" on the probation revocation. Defendant waived his right to appear and to be represented by counsel. Defendant did not "waive any limitation period for imposition of sentence or any other final order terminating the

---

[2] The San Bernardino offense, committed on June 12, 2012, was another burglary. (§ 459; case No. FWV12011400.)

court's jurisdiction." Defendant attached a custodial attestation by the Sheriff of San Bernardino County listing August 12, 2012, as the date that defendant was received in county jail.

Thirty days later, on January 9, 2013, Judge Edward D. Webster conducted a hearing and sentenced defendant to two years, pursuant to section 1170, subdivision (h), with one year in custody in jail and one year of mandatory supervision. Later the same day—for reasons that are not clearly articulated on the record—Judge Webster vacated the sentence and set another hearing for January 17, 2013.

On January 17, 2013, more than 30 days after December 10, 2012, Judge Becky L. Dugan sentenced defendant in absentia to two years, to be served concurrently with his San Bernardino sentence in county jail.

III

SECTION 1203.2a

On appeal, defendant contends section 1203.2a should apply to a probationer sentenced to county jail under the realignment statute, section 1170, subdivision (h), and that the trial court lost jurisdiction to sentence him after more than 30 days. He also contends it is a violation of equal protection to treat him differently based on whether he was sentenced to county jail instead of state prison.

The People respond that the provisions of section 1203.2a did not apply because defendant was not committed to state prison but was confined in a county jail facility. The People also argue there was no violation of equal protection because those serving

4

time in county jail are situated differently than those serving time in state prison and there is no rational basis to apply section 1203.2a to those in jail.

Section 1203.2a, first enacted in 1941, offers a statutory procedure for a defendant—who is on probation in one case and in prison on another case—to request sentencing in absentia in the first case. Section 1203.2a benefits both the prisoner and the state. (*Hayes v. Superior Court* (1971) 6 Cal.3d 216, 222.) In analyzing section 1203.2a, the California Supreme Court has explained the effect of the statute is to require the trial court to consider exercising its discretion to impose a concurrent sentence and to avoid inadvertent consecutive sentences. (*In re White* (1969) 1 Cal.3d 207, 211; *In re Hoddinott* (1996) 12 Cal.4th 992, 999-1000; *People v. Como* (1975) 49 Cal.App.3d 604, 612.) If the court imposes concurrent sentences, the term of the offense for which probation was granted and revoked commences "upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense." (§ 1203.2a.) The statute also operates to give the trial court, the clerk, and the probation officer "the convenience of closing their files in a case which otherwise might remain undisposed of for years. Moreover, the procedure seeks to give prisoners the benefit of prompt sentencing or other final disposition while avoiding the government's expenditure of time and funds to produce imprisoned defendants for unnecessary court appearances." (*Hayes,* at p. 222.)

Before the enactment of the Realignment Act in 2011, section 1203.2a would have applied to defendant if his 16-month sentence in San Bernardino County and his two-year

sentence in Riverside County would have both been served in state prison. Seventy years later, however, the Realignment Act significantly altered sentencing and prisoner supervision, amending section 1170 so that nonviolent felony offenses with a determinate term generally are punished by imprisonment in a county jail instead of a state prison. (*People v. Hul* (2013) 213 Cal.App.4th 182, 186.)

In this appeal, we are asked to decide whether section 1203.2a should apply in cases where defendant is sentenced to jail under section 1170, subdivision (h). The People rely on the plain language of the statute, which provides that, when a probationer like defendant is "committed to a prison" on another offense and files a request that sentencing be imposed in the case in which he is on probation, the trial court must either sentence the prisoner or make a final order terminating the case within 30 days of the request. The trial court loses jurisdiction over the case if it fails to act within the proscribed time limits. (*In re Hoddinott, supra,* 12 Cal.4th at p. 999.)

Here, after defendant was sentenced to jail in the San Bernardino case, he made a request for sentencing on the Riverside case and the court ultimately did not act until 38 days after defendant's request. If section 1203.2a applies, the trial court lost jurisdiction and probation terminated by operation of law. If section 1203.2a does not apply, the trial court retained jurisdiction but the case should be remanded for resentencing because defendant's waiver of his appearance under section 1203.2a is not effective.

On its face, the statute expressly states that it applies where the defendant is "committed to a prison." Hence, other courts have held the statute does not apply to a

6

probationer who is sentenced to county jail for a subsequent offense. (*People v. Blanchard* (1996) 42 Cal.App.4th 1842, 1847; *People v. Madrigal* (2000) 77 Cal.App.4th 1050, 1054.) *Blanchard*, however, involved a misdemeanor, not a felony, and was decided before the enactment of section 1170, subdivision (h), allowing a defendant to be sentenced to jail rather than prison for a nonviolent felony. Therefore, *Blanchard* is not controlling authority.

The California Supreme Court recently addressed an issue of statutory interpretation involving the Realignment Act: "'"As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" [Citation.] "'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.'" [Citation.]' (*People v. Harrison* (2013) 57 Cal.4th 1211, 1221-1222.)" (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.)

Additionally: "It is a settled principle of statutory construction that the Legislature "'is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. [Citation.]" [Citation.]' (*People v. Yartz* (2005) 37 Cal.4th 529, 538.) Courts may assume, under such circumstances, that

7

the Legislature intended to maintain a consistent body of rules and to adopt the meaning of statutory terms already construed.  (*People v. Harrison* (1989) 48 Cal.3d 321, 329; *People v. Wood* (1998) 62 Cal.App.4th 1262, 1270.)"  (*People v. Scott, supra,* 58 Cal.4th at p. 1424.)

Applying these principle here, we conclude that, according to the plain language of section 1203.2a, the Legislature did not intend the term "committed to a prison," as used in the statute, to include a commitment to county jail.  (See *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1477.)  There is no ambiguity in the language of the statute permitting us to use the "rule of lenity" to resolve doubts about the meaning of a statute in a criminal defendant's favor.  The rule of lenity does not apply where a court can fairly discern a contrary legislative intent.  (*People v. Scott, supra,* 58 Cal.4th at p. 1426, citing *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 312 and *People v. Cornett* (2012) 53 Cal.4th 1261, 1271.)

Defendant offers no evidence that, in enacting section 1170, subdivision (h), the Legislature meant section 1203.2a to apply when a defendant has been committed to jail not prison.  Furthermore, when defendant is in jail not prison, there is less concern for having to expend time and funds to produce defendants from prison for court appearances.  (*Hayes v. Superior Court, supra*, 6 Cal.3d at p. 222.)  Therefore, we conclude that defendant could not request expedited sentencing on his probation revocation according to section 1203.2a.

We also reject defendant's argument that his constitutional rights to equal protection are violated by not applying section 1203.2a to a defendant committed to jail rather than prison. It is somewhat difficult to address this issue because the factual record is undeveloped as to the actual effect section 1203.2a has on sentencing procedures.

Nevertheless, defendant contends that people sentenced to jail or prison are similarly situated and deserve equal treatment under the law. Defendant relies on *Hayes*, in which the California Supreme Court held that it is a violation of equal protection when prisoners serving time in other state prisons are not afforded the benefit of section 1203.2a. (*Hayes v. Superior Court, supra*, 6 Cal.3d at pp. 222-223.) Defendant argues the present case is a more compelling example of an equal protection violation than *Hayes* because felons—who have committed more serious crimes—are entitled to the benefits of section 1203.2a when sentenced to prison while other felons—who have committed less serious felonies—are not entitled to the benefits of section 1203.2a because they are sentenced to county jail. And an out-of-state prisoner may also be entitled to the benefits of section 1203.2a even though he committed the same crime that in California would result in a sentence in county jail. Thus, defendant concludes no rational basis justifies the exclusion of felons serving sentences pursuant to section 1170, subdivision (h), from using the procedures of section 1203.2a.

We agree with the People that section 1203.2a does not violate equal protection principles because those sentenced to county jail and state prison are not similarly situated and there is a rational basis to treat the two groups differently. Both the state and

9

the federal Constitutions guarantee the equal protection of the law:  ". . . classifications of those to whom the state accords benefits and those on whom it imposes burdens must be reasonably related to a legitimate public purpose." (*Hayes v. Superior Court, supra*, 6 Cal.3d at p. 223.)

Although *Blanchard* is not dispositive, the same reasoning is persuasive here.  In *Blanchard*, the court held that not extending the benefits of section 1203.2a to those in defendant's position was not a violation of the Equal Protection Clause because there was "a rational basis for the Legislature's decision to limit the benefits . . . to probationers committed to prison" and ". . . the benefit afforded subsequently convicted probationers under section 1203.2a does not constitute a fundamental right and the statute is not 'inherently invidious.'"  (*People v. Blanchard, supra,* 42 Cal.App.4th at p. 1847.)  The statute """"is rationally related to the achievement of legitimate governmental ends. [Citation.]""""  (*Ibid.*)  Probationers sentenced to county jail were not subject to a long term of imprisonment justifying concurrent sentencing and the minimal benefit to probationers would be "outweighed by the increased burden on our judicial system and penal systems." (*Id.* at p. 1848.)  Finally, the state had a "compelling interest in punishing probation violations and the underlying offenses giving rise to probation should not be thwarted by loss of jurisdiction . . . where a defendant's subsequent offense is a misdemeanor resulting in a relatively short period of incarceration." (*Ibid.*)

We conclude that defendants sentenced under section 1170, subdivision (h), are not similarly situated to defendants sentenced to prison because a defendant sentenced

10

under section 1170, subdivision (h), may not be subject to a long term of imprisonment. While some defendants sentenced under section 1170 may be committed to county jail for a full term of either 16 months, two, or three years, others may have a portion of their term suspended. (§ 1170, subd. (h)(1) & (5).) When execution is suspended, a defendant is placed on mandatory supervision. (§ 1170, subd. (h)(6).) Stated differently, a defendant sentenced to 16 months in county jail under section 1170, subdivision (h), could arguably be sentenced to a split sentence of eight months in custody and eight months on mandatory supervision according to the court's discretion. Additionally, a felon sentenced under the Realignment Act, committed to a community-based corrections program, may have a concluding portion of his sentence suspended in lieu of probation and is not subject to parole under section 3000 et seq. (§ 1170, subd. (h); *People v. Mora* (2013) 214 Cal.App.4th 1477, 1481.)

In contrast, those sentenced to state prison must serve their entire term in a penal institution and be subject to parole. Thus, the two groups are not similarly situated. There is a rational basis for limiting the benefits of section 1203.2a because "the minimal benefit the statute would afford such probationers would be outweighed by the increased burden on our judicial system and penal systems." (*People v. Blanchard, supra*, 42 Cal.App.4th at p. 1848.) Also, as already noted, because there is less of a government burden involved in sentencing defendants committed to jail rather than prison (*Hayes v. Superior Court, supra*, 6 Cal.3d at p. 222), there is less reason to apply section 1203.2a to defendants in jail.

11

To sum up, those sentenced under the Realignment Act may be sentenced to a full-term of custody or they may receive a split sentence. In contrast, those sentenced to state prison must serve their entire time in custody. And, because those sentenced to county jail under section 1170, subdivision (h), may not be subject to a long term of imprisonment, there is a rational basis for limiting the benefits of section 1203.2a because the minimal benefit of the statute is outweighed by the burdens; those sentenced to state prison and to county jail are not similarly situated. In any event, the Legislature's decision to limit the benefits of section 1203.2a has a rational basis.

IV

DISPOSITION

Section 1203.2a did not apply to defendant and does not violate equal protection. We vacate the two-year concurrent sentence imposed under section 1203.2a and remand for further sentencing not conducted under section 1203.2a.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

KING
J.

12