Filed 2/21/20

CERTIFIED <u>FOR</u> PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C085192 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20164757) |
| v. | |
| FIDEL MORA-DURAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Yolo County, Janene Beronio, Judge.  Reversed with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Daniel B. Berstein, Supervising Deputy Attorney General, Kevin M. Cornwall and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Fidel Mora-Duran waived preliminary hearing and pleaded no contest to felony marijuana cultivation (Former Health & Saf. Code, § 11358, Stats. 2011, ch. 15, § 160).[1]  After his plea, but before sentencing, Proposition 64 was passed, which amended section 11358 narrowing the scope of conduct constituting felony marijuana cultivation.  Defendant asked the trial court to sentence him and redesignate his conviction as a misdemeanor.  The trial court refused, explaining the parties had not agreed to that.  The court then rejected the plea agreement and reinstated charges.  After the prosecution filed an amended information, defendant pleaded no contest to felony marijuana cultivation under section 11358, subdivision (d)(3)(C), a new provision enacted as part of Proposition 64 requiring proof of additional elements.  Thereafter, defendant was placed on probation for two years on the condition that he serve a period in jail that amounted to time served.[2]

On appeal, defendant contends reversal is required because (1) the trial court abused its discretion in rejecting the plea agreement; (2) charges were added to the amended information after a preliminary hearing was waived in violation of Penal Code section 1009; and (3) his sentence violates the prohibition on ex post facto punishment.  Defendant's second contention has merit.

We reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was originally charged with three felony counts:  conspiracy to commit felony marijuana cultivation (Pen. Code, § 182; § 11358; Count 1); felony marijuana cultivation (§ 11358; Count 2); and possessing marijuana for sale (§ 11359; Count 3).  He

---

[1] Undesignated statutory references are to the Health and Safety Code.

[2] Shortly after defendant was sentenced, section 11358 was again amended, though the changes are not material to this appeal. (Stats. 2017, ch. 27, § 123 (SB 94), eff. June 27, 2017.)

waived preliminary hearing and thereafter pleaded no contest to Count 2, felony marijuana cultivation. In exchange for his plea, the parties agreed that defendant would receive probation and the remaining counts would be dismissed. During the plea, the parties stipulated that defendant was seen assisting in the cultivation of approximately 3,000 marijuana plants.

After the plea, but before sentencing, Proposition 64, "the Control, Regulate and Tax Adult Use of Marijuana Act," was passed and went into effect. Among other things, the electorate amended section 11358 to narrow the scope of conduct constituting felony marijuana cultivation. It still punished marijuana cultivation, but a felony conviction would now require additional elements, such as an accompanying violation of certain environmental protection laws. It also enabled those serving sentences for marijuana convictions that are no longer offenses or lesser offenses after Proposition 64, to petition to recall or dismiss the sentence. (§ 11361.8, subd. (a).)

Before sentencing, defendant filed a petition to have his offense re-designated as a misdemeanor, specifically asking that the court sentence him and then reduce the conviction to a misdemeanor. At the hearing, the trial court refused explaining, "in order to reduce I have to accept the plea agreement and sentence them.[3] And I am not prepared to accept the plea agreement, so I'm going to reject the plea agreement. We're going to do what we need to do, starting all over again." The court added, "So I think the one thing that this Court has to look at is, am I going to accept or reject the plea agreement. [¶] And that's the position that I'm going to take, is that *I have to reject the plea agreement because that's not what the parties agreed to do*." (Italics added.)

Defense counsel objected, noting, "If you reject the plea, I don't think that the District Attorney could charge . . . the new crime of cultivation of marijuana, felony.

---

[3] Defendant was sentenced along with a codefendant who is not a party to this appeal.

Because that crime did not exist at all prior to . . . the date of commission of this crime . . . ." Counsel further argued there was no reason to reject the plea and asked the court to accept the plea to the felony, redesignate it as a misdemeanor and give defendant probation. When counsel asked the court to state what case it was relying on, the court stated that "nothing is quite on point. . . . *But since they have not been sentenced*, what I'm relying on is that I either reject or accept the pleas. And so I'm choosing to reject the pleas." (Italics added.) The court then reinstated the information.[4]

Thereafter, the prosecution filed an amended information, modifying the second count to allege felony marijuana cultivation under the new subdivision (d)(3)(C) of section 11358.[5] That new subdivision pertains to marijuana cultivation that results in a violation of Fish and Game Code Sections 5650 or 5652, both of which relate to contaminating state waters.

Defendant later moved to set aside the amended information under Penal Code section 995, arguing that having waived a preliminary hearing, the prosecution could not add charges encompassing new "significant additional elements." He also argued the new charge violated the federal Constitution's ex post facto clause.

The prosecution responded that defendant had not been charged with a new section of the Health and Safety Code. The amendment simply specified the conduct that continued to make the cultivation a felony. And the charge did not violate the ex post

---

[4] Apparently applying Proposition 64, the court stated that the conspiracy charged in Count 1 would now be a conspiracy to commit a misdemeanor, but that the conspiracy would remain a felony. (See *People v. Tatman* (1993) 20 Cal.App.4th 1, 7 (*Tatman*) ["A conspiracy to commit a misdemeanor may be punishable as a felony"].) The court also reduced Counts 2 and 3 to misdemeanors.

[5] The prosecution also charged conspiracy to commit a felony violation of section 11358 in Count 1 and misdemeanor possession for sale in Count 3.

facto clause because defendant's conduct had always constituted a felony, and he was not subject to greater punishment than before.

The trial court agreed with the prosecution, stating, "[t]he People have not added any charges or changed the basic charges. The only difference is that the People have now included the sections that contain the description of conduct that continues to make the Defendant's alleged actions felonious." The court noted that Proposition 64 had essentially made the crime harder for the prosecution to prove. Thereafter, over defense counsel's objection, the court deemed the first amended information a complaint and set the matter for preliminary hearing.[6]

Before the preliminary hearing, defendant pleaded no contest to the new felony marijuana cultivation charge (§ 11358, subd. (d)(3)(C); Count 2). In exchange, the remaining counts were dismissed, he was placed on two years' probation, and ordered to serve 97 days in jail, which was satisfied by presentence custody credit. Defense counsel expressed that as part of the plea, defendant was explicitly not waiving his appellate rights.

The parties stipulated to a factual basis that from May to August 2016, Department of Fish and Wildlife wardens observed an illegal marijuana grow on Liberty Island in Yolo County. Defendant was seen parking his vehicle at the same spot and on multiple

---

[6] The prosecution did not move to dismiss the charges and file a new complaint. (See § 1387, subd. (a); *Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1019 [under section 1387 the prosecution is permitted to dismiss a felony offense and refile a new complaint once; however, a second dismissal of felony charges for the same offense bars refiling a second time].) Instead, the trial court deemed the amended information a complaint. In this appeal, the People have presented no authority, either in briefs or at oral argument, authorizing a trial court to deem an information a complaint in order to reinitiate a criminal prosecution and afford a defendant a preliminary hearing, and we know of none. The procedure employed by the trial court effectively circumvented section 1387, subdivision (a). While the trial court's order deeming the information a complaint is ultimately not material to our disposition on appeal, we do not condone the practice.

occasions providing water, gas, and other objects to individuals. Defendant also took several large plastic bags from individuals, put them in his vehicle, and drove off. Two growing fields with a total of more than 3,000 marijuana plants were found. Additionally, in excess of one ton of trash and debris was found at the grow site, some of which was taken out by California Highway Patrol Helicopter. However, because of the remote location, wardens were unable to remove several hundred pounds of trash, which constituted the environmental damage.

## DISCUSSION

### I. The Trial Court's Refusal to Accept the Plea Bargain

#### A. Defendant's Contentions

Defendant first contends the trial court abused its discretion in failing to honor the original plea bargain. He argues the court's stated reason for rejecting the plea — " '[that's] not what the parties agreed to do' " — was an unlawful basis because the court failed to state that the negotiated plea was unfair or contrary to the public interest. He adds that changes in the law are incorporated into plea agreements, citing in support *Harris v. Superior Court* (2016) 1 Cal.5th 984, 990 (*Harris*). Hence, the negotiated agreement includes the changes in the law brought about by Proposition 64. He further argues that in rejecting the plea, the trial court supplanted the electorate's intent to reduce section 11358 penalties. We disagree.

#### B. The Trial Court's Authority to Reject a Plea Agreement

" ' "[J]udicial approval is an essential condition precedent to any plea bargain . . . ." ' " (*In re Alvernaz* (1992) 2 Cal.4th 924, 941 (*Alvernaz*).) Before sentencing, a trial court has " 'broad discretion to withdraw its prior approval of a negotiated plea.' " (*People v. Silva* (2016) 247 Cal.App.4th 578, 588 (*Silva*).) The trial court's authority to withdraw approval or otherwise reject a plea bargain under section

6

1192.5 is " 'near-plenary.' " (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1361 (*Kim*), quoting *People v. Stringham* (1988) 206 Cal.App.3d 184, 195 (*Stringham*).)[7]

Generally, a trial court may exercise its discretion to withdraw approval of a plea bargain because: (1) it believes the agreement is "unfair" (*People v. Loya* (2016) 1 Cal.App.5th 932, 947 (*Loya*)); (2) new facts have come to light; (3) the court has become more fully informed about the case; or (4) when, after further consideration, the court concludes that the agreement is "not in the best interests of society." (*Silva, supra*, 247 Cal.App.4th at p. 588.) But this list is not exhaustive. A trial court may, for example, reject a plea bargain when the victim's family protests the agreement. (See *Stringham, supra*, 206 Cal.App.3d at p. 188.)

No court has limited the reasons for which the trial court may reject a plea bargain other than the trial court must not reject a plea bargain arbitrarily or capriciously or do so without giving any justification. (See *Loya, supra*, 1 Cal.App.5th at p. 948 [concluding that the trial court's rejection of the plea bargain was arbitrary noting that "[a]t no point did the trial court state that appellant's negotiated plea agreement was unfair or contrary to the public interest" and the court "did not indicate why the plea bargain was unacceptable"].) In exercising the discretion to reject negotiated case resolutions, courts are charged with protecting and promoting the public's interest in vigorously prosecuting the accused, imposing appropriate punishment, and protecting crime victims. (*Alvernaz, supra*, 2 Cal.4th at p. 941.) Thus, a trial court's approval of a plea bargain "must represent an informed decision in furtherance of the interests of society." (*Ibid.*) Relevant to the instant case, and consistent with protection of crime victims, we would

---

[7] If the trial court withdraws approval of a plea bargain, a defendant's recourse is to withdraw his or her plea, accept a modified disposition the trial court indicates it would accept (*Silva, supra*, 247 Cal.App.4th at p. 587), or engage in additional negotiation with the prosecution in the hope that the court would accept a new negotiated resolution.

add to the court's duty the protection of the environment and the public interest in that regard.

We review the trial court's decision for abuse of discretion, reversing only if the decision is outside the bounds of reason. (*Loya, supra*, 1 Cal.App.5th at pp. 946-947.)

Here, the trial court acted within its discretion in withdrawing approval of the negotiated agreement. The reason — " '[that's] not what the parties agreed to do' " — was neither arbitrary nor capricious. It implied a determination of unfairness in that the prosecution would not realize the benefit of their bargain if Proposition 64 was applied. Indeed, as part of the bargain, the prosecution dismissed a felony conspiracy charge that would have remained a felony even if the cultivation charge was reduced to a misdemeanor because a conspiracy to commit a misdemeanor marijuana offense is a felony. (*People v. Medina* (2018) 24 Cal.App.5th 61, 66-67 (*Medina*) [defendant convicted of conspiracy to commit possession of marijuana for sale was not eligible for redesignation of the conspiracy charge to a misdemeanor even though possession for sale was made a misdemeanor by Proposition 64]; *Tatman, supra*, 20 Cal.App.4th at p. 7 [conspiracy to commit a misdemeanor can be a felony].)

Moreover, a trial court has no authority to modify a negotiated disposition to make it more favorable to the defendant without the prosecution's consent. (*People v. Segura* (2008) 44 Cal.4th 921, 931; *People v. Superior Court* (*Gifford*) 53 Cal.App.4th 1333, 1337.) The prosecution is entitled to the "benefit of the bargain" it has struck. (*Kim, supra*, 193 Cal.App.4th at p. 1360, quoting *People v. Daughterty* (1981) 123 Cal.App.3d 313, 321.) Thus, the trial court could not pave the way to Proposition 64 treatment by sentencing defendant on the felony and then reducing the conviction to a misdemeanor unless, as we shall discuss, the changes that came about in Proposition 64 applied to the parties and thus could be said to be incorporated in the negotiated agreement. As we explain, Proposition 64 was not intended to apply to defendant.

8

## C. Incorporation of New Laws in Plea Agreements

Relying on *Harris, supra*, 1 Cal.5th 984, defendant argues the trial court's reason for rejecting the plea was "legally incorrect" because his plea bargain should be read to include the opportunity to petition for relief as brought about by Proposition 64. Defendant interprets *Harris* far too broadly. The general rule that a plea agreement is deemed to incorporate the enactment of new laws does not apply where, as here, the new law does not apply to the parties of the plea bargain. Indeed, the instant case provides two examples of how a new law may not apply. First, the statutory language does not cover defendant. Second, the defendant's conduct was exempted from the change allowing reduction to a misdemeanor.

In *Harris*, the defendant pleaded guilty and was sentenced pursuant to a plea agreement. (*Harris, supra*, 1 Cal.5th at p. 988.) Following the passage of Proposition 47, the defendant petitioned to recall his sentence. (*Ibid*.) The prosecution, in turn, moved to withdraw from the plea agreement, arguing that if reduction to a misdemeanor under Proposition 47 was allowed, the prosecution would not realize the benefit of their bargain. (*Ibid*.) Our high court rejected the People's request. (*Id*. at p. 993.) It reasoned that plea agreements are deemed to incorporate changes in the law. (*Id*. at p. 990.) But this rule applies only when the enacting body intended the change in the law to apply to the parties to the agreement. (*Id*. at p. 991.) That the electorate intended Proposition 47 to apply to the parties to the *Harris* plea agreement was evidenced by the language that the measure was to apply to someone " '*serving a sentence for a conviction*, whether by trial or plea . . . .' " (*Id*. at pp. 990-991, italics added and omitted.)

Here, section 11361.8, subdivision (a) added by Proposition 64 and authorizing the recall or dismissal of certain marijuana convictions, contains similar language: "A person *currently serving a sentence* for a conviction, whether by trial or by open or negotiated plea . . . ." (§ 11361.8, subd. (a), italics added.) But, unlike in *Harris*, defendant here was not yet serving a sentence for a conviction when the trial court

9

rejected the plea agreement. And the plain language of Proposition 64 establishes that the electorate intended the recall provision to apply to persons who were serving a sentence. Thus, the statutory language does not cover defendant. That the trial court recognized this is evident from its response to trial counsel's question about the authority the court was relying upon: "*since they have not been sentenced*, what I'm relying on is that I either reject or accept the pleas." (Italics added.) Nothing in Proposition 64 precludes the trial court from exercising the discretion afforded by Penal Code section 1192.5 to withdraw approval of a plea agreement prior to sentencing.

Moreover, the addition of the environmental violations to section 11378 demonstrates that the electorate did not intend people whose marijuana cultivation results in certain environmental damage to be eligible for misdemeanor redesignation under Proposition 64.[8] "The voters, in enacting section 11361.8(e), recognized that the new law would 'continue to allow prosecutors to charge the most serious marijuana-related offenses as felonies, while reducing the penalties for minor marijuana-related offenses' " (*Medina, supra*, 24 Cal.App.5th at p. 67, quoting Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 2.G, p. 179.) The electorate expressly made marijuana cultivation coupled with environmental damage the type of serious offense that prosecutors may charge, and courts may sentence, as a felony. Thus, defendant's conduct was statutorily exempted from the change in the law allowing reduction to a misdemeanor.

---

[8] In addition to Fish and Game Code sections 5650 and 5652, Proposition 64 made cultivation that results in the violation of the following environmental protection provisions a felony: Water Code sections 1052, 13260, 13264, 13272, 13387; Fish and Game Code sections 1602, 2080, 3513; Health and Safety Code sections 25189.6 and 25189.7 and Penal Code section 374.8. (§ 11358, subd. (d)(3)(A)-(F).) A catch-all provision related to public lands was also added to the cultivation felony: "Intentionally or with gross negligence causing substantial environmental harm to public lands or other public resources." (§ 11358, subd. (d)(3)(G).).

10

We conclude that given the plain language of the Proposition 64 amendments and defendant's conduct, the electorate did not intend that defendant obtain a misdemeanor redesignation under section 11361.8, subdivision (a). Thus, Proposition 64's changes did not apply to defendant and are therefore not incorporated into the original plea agreement.

Accordingly, the trial court did not abuse its discretion in withdrawing its acceptance of the plea bargain.

## II. Preliminary Hearing Waiver and Penal Code Section 1009

Defendant contends his conviction must be reversed because it was based on a charge added to the information after he waived a preliminary hearing, in violation of Penal Code section 1009. The People respond that the amendment added no new charges but simply specified which subdivision had been violated under the amended section 11358. Thus, according to the People, the amendment was immaterial as defendant was charged with the same felony, section 11358, based on the same conduct, and he suffered no resulting prejudice.

We agree with defendant. While the trial court did not abuse its discretion in withdrawing its acceptance of the plea bargain, the procedure employed to charge the new felony marijuana cultivation charge enacted by Proposition 64 was flawed.

"Section 1009 prohibits amending an information to charge an offense not shown by evidence taken at the preliminary hearing." (*People v. Rogers* (2016) 245 Cal.App.4th 1353, 1360.) Where a preliminary hearing is waived, the prosecution may not amend the information to add new charges — even if the defendant had notice of the underlying facts or would not be prejudiced by it. (*Ibid.*)

But not every amendment to an information after a preliminary hearing is waived violates Penal Code section 1009 or a defendant's due process rights. Amendments that do not allege new charges and that do not constitute a "significant variance" from the original are permissible. (*People v. Peyton* (2009) 176 Cal.App.4th 642, 659-660.)

11

In *Peyton*, the defendant was originally charged with four counts of aggravated sexual assault under Penal Code section 269—three counts of oral copulation (Pen. Code, § 269, subd. (a)(4)), and one count of sexual penetration (Pen. Code, § 269, subd. (a)(5)). (*Peyton, supra*, 176 Cal.App.4th at p. 649.) After the defendant waived a preliminary hearing, the prosecution amended the information, essentially flipping those charges by alleging three counts of sexual penetration and one count of oral copulation. (*Ibid*.) The *Peyton* court held the amendment did not constitute a "significant variance" from the original charges, explaining that the due process requirement to be informed of an accusation's nature and cause is satisfied " 'when the accused is advised of the charges against him so that he has a reasonable opportunity to prepare and present a defense and is not taken by surprise by the evidence offered at trial.' " (*Id*. at p. 657.) The court reasoned that "[b]oth pleadings were based on the same course of conduct which occurred over an extremely limited time period and involved the same victim. Both pleadings dealt with the same underlying acts, oral copulation and sexual penetration. Defendant was not presented with a "moving target"; he was fully aware of what he had to defend against. Additionally, the punishment for the crimes charged in the amended complaint and the second amended information were identical. The substantial rights of defendant were simply not implicated." (*Id*. at p. 660.)

Here, the People maintain that amending the information was analogous to *Peyton*. After the amendment, defendant was still charged under section 11358, just as the defendant in *Peyton* was still charged under Penal Code section 269 — defendant was simply charged with more specificity. And the amendment actually bolstered defendant's defense because it required the prosecutor to prove an additional element. We disagree.

As originally charged, defendant was to defend against accusations of planting, cultivating, harvesting, drying, or processing marijuana. After the amendment, the scope

12

of his defense grew to encompass violations of Fish and Game Code sections 5650[9] and 5652.[10]  Thus, while the People and the trial court are not incorrect in noting the amendment made it more difficult for the prosecutor to obtain a felony conviction, the amendment still presented a moving target by requiring the defendant to defend against allegations not encompassed within the original charge.  After the amendment, the defense would have to respond to such disparate and esoteric considerations such as where was the high water mark?  Could any of the alleged rubbish pass into state waters?  Was the alleged rubbish the result of the marijuana grow?  Did defendant or his confederates bring a ton of trash to the area or was someone else responsible?  If they brought only some of the trash, what portion were they responsible for and did their portion result in the Fish and Game Code violations?  (See fns. 10 and 11, *ante*.)

Accordingly, the amendment to the information, though it was ostensibly the same statute, constituted a significant variance from the original charges.  We will therefore

---

[9]  Fish and Game Code section 5650 provides in pertinent part:  "(a) Except as provided in subdivision (b), it is *unlawful to deposit* in, *permit to pass* into, *or place where it can pass into the waters* of this state any of the following:  [¶]  (1) Any petroleum, acid, coal or oil tar, lampblack, aniline, asphalt, bitumen, or residuary product of petroleum, or carbonaceous material or substance.  [¶]  (2) Any refuse, liquid or solid, from any refinery, gas house, tannery, distillery, chemical works, mill, or factory of any kind.  [¶]  (3) Any sawdust, shavings, slabs, or edgings.  [¶]  (4) Any factory refuse, lime, or slag.  [¶]  (5) Any cocculus indicus.  [¶]  (6) Any substance or material deleterious to fish, plant life, mammals, or bird life."  (Italics added.)

[10]  Fish and Game Code section 5652 provides in pertinent part:  "(a) It is unlawful to deposit, permit to pass into, or place *where it can pass into the waters* of the state, or to abandon, dispose of, or throw away, *within 150 feet of the high water mark* of the waters of the state, any cans, bottles, garbage, motor vehicle or parts thereof, rubbish, litter, refuse, waste, debris, or the viscera or carcass of any dead mammal, or the carcass of any dead bird."  (Italics added.)

reverse the conviction for felony marijuana cultivation under section 11358, subdivision (d)(3)(C) as violative of Penal Code section 1009 and vacate the sentence imposed.[11]

## DISPOSITION

We reverse defendant's conviction for felony marijuana cultivation (Health & Saf. Code, § 11358; Count 2) and vacate the sentence imposed.  We remand for further proceedings on the former charges.

     /s/     
MURRAY, J.

We concur:

     /s/     
HULL, Acting P. J.

     /s/     
BUTZ, J.

---

[11] Because we conclude defendant's conviction violated section 1009, we need not address defendant's contention that his sentence violated the ex post facto clause of the federal Constitution and we express no opinion on the matter.